IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

## MANOUCHEKA THERMITUS v. SCHILLER JEROME

**Appeal from the Chancery Court for Shelby County**
**No. CH-22-0257      JoeDae L. Jenkins, Chancellor**

_____

**No. W2024-01508-COA-R3-CV**

_____

Appellant, Schiller Jerome, has appealed an order of the Shelby County Chancery Court that was entered on September 3, 2024. We determine that the trial court's order does not constitute a final appealable judgment. As a result, this Court lacks jurisdiction to consider this appeal. The appeal is, therefore, dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

J. STEVEN STAFFORD, P.J., W.S.; KENNY ARMSTRONG, J.; CARMA DENNIS MCGEE, J.

Linda Kendall Garner, Memphis, Tennessee, for the appellant, Schiller Jerome.

Zachary Michael Moore, Memphis, Tennessee, for the appellee, Manoucheka Thermitus.

## MEMORANDUM OPINION[1]

On October 2, 2024, Appellant, Schiller Jerome, filed a Notice of Appeal with the Clerk of this Court. On December 5, 2024, the Clerk of this Court received notice from the trial court clerk that Appellant had not filed a transcript, a statement of the evidence or proceeding, or a Rule 24(d) notice with the trial court as required by Rule 24 of the Tennessee Rules of Appellate Procedure. Therefore, by Administrative Order entered that same day, the Clerk of this Court directed Appellant to, within fifteen (15) days from the

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

entry of that Order, either comply with Rule 24 of the Tennessee Rules of Appellate Procedure or else show cause why this appeal should not be dismissed.

On December 30, 2024, the Clerk of this Court received a second notice of non-compliance from the trial court clerk. On January 13, 2025, this Court entered an order directing Appellant to, within thirty (30) days, file with the trial court clerk a transcript of the proceedings, a statement of the evidence, or a Rule 24(d) notice, or else show cause in this Court why this appeal should not be dismissed for failure to do so.

On January 26, 2025, Appellant filed a response, in which he explained that the October 2, 2024 Notice of Appeal sought review of "an interlocutory issue related to his pending divorce case," however, "[t]o date, the Final Decree of Divorce has not been entered." Appellant claims that, "[i]n its present posture, filing a transcript on the issue pending before the Appeals Court would be piecemeal and confusing given the likelihood of a full appeal." Appellant, therefore, "respectfully requests that the Appeal be held in abeyance for thirty (30) days or a non-prejudicial dismissal pending a complete appeal of all appealable issues upon entry of the Final Decree of Divorce and other collateral issues."

Consequently, it appears that the order to which the Notice of Appeal is directed is not "a final judgment adjudicating all the claims, rights, and liabilities of the parties" from which an appeal as of right would lie. *See* Tenn. R. App. P. 3(a). A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

This Court entered an order on January 30, 2025, directing Appellant to, within thirty (30) days, either obtain a final judgment, or otherwise show cause in this Court why the appeal should not be dismissed for lack of jurisdiction. The Order further warned that "[i]f Appellant fails to do so within the time allowed herein, this appeal **shall be dismissed, with costs assessed to Appellant, without further notice**." On March 4, 2025, the Clerk of this Court received from the trial court clerk a copy of the trial court's March 3, 2025 order entitled "Order Joining Corporate Defendants and Modifying Final Order Denying Husband's Motion for Reconsideration, or in the Alternative, for Interlocutory Appeal." The transmitted order is not a final judgment, and as of the date of the entry of this Order, Appellant has not responded to this Court's January 30, 2025 show cause order.

In light of the foregoing, this appeal is hereby DISMISSED. Costs of this appeal are taxed to Appellant, Schiller Jerome, for which execution may issue. **It is SO ORDERED.**

PER CURIAM